# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOHNNY LEE JONES, III,

    Petitioner,

vs.

GREG SMITH, *et al.*,

    Respondents.

3:09-cv-00752-LRH-RAM

**ORDER**

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court are respondents' motion to dismiss (ECF No. 17), petitioner's motion to amend the petition (ECF No. 23), petitioner's motion for an evidentiary hearing (ECF No. 25), petitioner's motion for an extension (ECF No. 27), and petitioner's motion to expedite (ECF No. 28).

**I. Procedural History**

On November 11, 2005, the Eighth Judicial District Court of the State of Nevada entered a judgment of conviction, pursuant to a jury verdict, convicting petitioner of one count of conspiracy to commit robbery, three counts of burglary, and three counts of robbery. (Exhibit 21).[1] Petitioner filed an appeal on January 26, 2006. (Exhibit 22). On March 7, 2006, the Nevada Supreme Court issued an order dismissing petitioner's appeal as untimely. (Exhibit 24).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF No. 18-19.

Petitioner filed a post-conviction habeas petition in state court on January 22, 2007. (Exhibit 29). Petitioner claimed that his counsel promised to file a direct appeal on his behalf after the sentencing hearing, but counsel never filed the direct appeal. (Exhibit 29). The state district court filed an order denying the petition on April 18, 2007, without conducting an evidentiary hearing. (Exhibit 31). Petitioner appealed. (Exhibit 33). On November 8, 2007, the Nevada Supreme Court entered an order affirming in part, and reversing in part. (Exhibit 35). Based on petitioner's claim that he expressed a desire to appeal but his counsel did not file a notice of appeal on his behalf, the Nevada Supreme Court remanded the case to state district court for an evidentiary hearing. (*Id.*).

On January 10 and January 31, 2008, the state district court held evidentiary hearings on petitioner's state post-conviction petition. (Exhibits 38 & 39). On November 7, 2008, the state district court entered findings of fact, conclusions of law, and order denying the state petition. (Exhibit 51). Petitioner appealed. (Exhibit 55). On May 27, 2009, the Nevada Supreme Court reversed the state district court's denial of the petition. (Exhibit 60). The Nevada Supreme Court's order states: "We reverse the denial of this claim, and we remand the matter for the appointment of counsel to assist petitioner in the filing a post-conviction petition raising all direct appeal issues pursuant to the remedy in Lozada v. State, 110 Nev. 349, 871 P.2d 944 (1994)." (Exhibit 60, at p. 5).

Petitioner was appointed attorney Martin W. Hart to represent him for further post-conviction proceedings. On August 24, 2009, petitioner wrote a letter that threatened Martin Hart's assistant. (Exhibit 62, at Exhibit 1). On August 26, 2009, Martin Hart moved to withdraw as petitioner's counsel. (Exhibit 62).

On November 16, 2009, petitioner filed a petition for a writ of mandamus with the Nevada Supreme Court. (Exhibit 68). Petitioner raised these issues: (1) His attorney had not contacted him and had not filed on his behalf; and (2) the *Lozada* remedy he received was inadequate. (*Id.*). On January 8, 2010, the Nevada Supreme Court issued an order denying the petition for writ of mandamus, and ruling as follows:

2

> We have reviewed the documents before this court, and without deciding upon the merits of any claims, we conclude that this court's intervention is not warranted at this time. See NRS 34.160; NRS 34.170. According to the district court's minutes, a hearing has been set for January 7, 2010, on appellant's motion for withdrawal of attorney. Further, petitioner has not demonstrated that he is entitled to a copy of transcripts at state expense.

(Exhibit 70). Post-conviction proceedings, pursuant to the *Lozada* remedy granted by the Nevada Supreme Court, are currently proceeding in state district court. On December 6, 2009, petitioner dispatched his federal habeas petition to this Court. (ECF No. 6, at p. 1).

**II. Discussion**

In the federal petition, filed December 16, 2009, petitioner claims: "I allege that my state court conviction and/or sentence are unconstitutional because I am only allowed to file a post-conviction petition and [was] not granted a new direct appeal. The remedy I received was inadequate." (Docket #6, at p. 3). Petitioner has filed a motion to amend the petition, with an attached amended petition. (Docket #23). In the amended petition, petitioner asserts two claims regarding the same operative facts asserted in the original petition: an ineffective assistance of counsel claim and a claim of due process and equal protection violation. (Docket #23). Petitioner's motion to amend the petition is denied, as amendment would be futile. Petitioner's claims are not exhausted, as post-conviction state court proceedings are still pending.

A petitioner must first present his grounds for relief to a state court before a federal court may review the merits of the issues he raises. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *See Picard v. Conner*, 404 U.S. 270, 275-76 (1971)*; O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,*

386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981). In the instant case, post-conviction proceedings, pursuant to the *Lozada* remedy, are currently proceeding in state district court. Because petitioner has not exhausted his grounds for relief in state court, this action shall be dismissed.

## III. Certificate of Appealability

In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

## IV. Conclusion

**IT IS THEREFORE ORDERED** that petitioner's motion to amend the petition (ECF No. 23) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner's motion for an evidentiary hearing (ECF No. 25), petitioner's motion for an extension (ECF No. 27), and petitioner's motion to expedite (ECF No. 28) are **DENIED.**

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 17) is **GRANTED.**

**IT IS FURTHER ORDERED** that the petition is **DISMISSED WITHOUT PREJUDICE AS UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 5th day of February, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE